1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BENJAMIN L. WEBSTER  132230
2  DARCY L. MUILENBURG  233787
   400 Capitol Mall, Suite 1700
3  Sacramento, CA  95814-4419
   Telephone:  (916) 329-4700
4  Facsimile:  (916) 441-3583

5  Attorneys for Defendant
   XEROX CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ANTHONY R. RISHE, | No. 2:07-CV-01202-LKK-GGH |
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER AND PROPOSED ORDER THEREON [Fed. R. Civ. P. 26(c)] |
| vs. | |
| XEROX CORPORATION, and DOES 1 through 50, inclusive, | Complaint Filed: June 20, 2007 |
| Defendants. | Judge:  Hon. Lawrence K. Karlton |

Through their respective attorneys of record, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Anthony F. Rishe and Defendant Xerox Corporation hereby stipulate to the following protective order for the purpose of preventing unnecessary disclosure or inappropriate use of confidential, private, proprietary and/or trade secret business information contained in certain documents, deposition testimony or discovery responses provided during the course of the above entitled lawsuit (the "Action").

1. During this Action, one or more parties may produce certain documents, provide written discovery responses and/or provide or elicit deposition testimony containing confidential, private, proprietary and/or trade secret business information.

1      2.      With respect to documents produced by a party, that party or its counsel may
2  stamp or otherwise label that document with the word "Confidential" prior to production,
3  which shall render that document and the information contained in it subject to this
4  protective order. Stamping or otherwise marking "Confidential" on the first page of any
5  multi-page document shall designate all pages of the document as "Confidential," unless
6  otherwise expressly indicated by the party producing that document. With respect to
7  written discovery responses provided by a party, either that party or its counsel may
8  designate a particular response as containing confidential information by stamping or
9  otherwise marking the word "Confidential" on the page or pages containing that discovery
10 response or by explicitly stating within the response itself that the information contained
11 therein is confidential and subject to a protective order, either of which designation shall
12 render that response and the information contained in it subject to this protective order.

13     3.      The original and all attorneys' copies of deposition transcripts shall initially
14 be considered to contain wholly confidential information and shall be fully subject to the
15 relevant provisions of this order. The requesting attorney for a party must at the deposition
16 on the record or within ten (10) days after receipt of the transcript write to the court reporter
17 and opposing counsel to identify the specific portions of testimony which are deemed by
18 him or her to include confidential information. Those portions not specifically designated
19 as "Confidential" within ten (10) days after receipt of the transcript shall no longer be
20 covered by this order. The reporter shall promptly conform the original copy and counsel
21 shall conform their copies in accordance with the requesting attorney's designation. All
22 deposition testimony of a witness which is designated "Confidential" shall be contained in a
23 separate transcript, the first page of which shall bear the legend "Confidential – Subject To
24 Protective Order."

25     4.      Any document, information or testimony designated as "Confidential" in
26 accordance with paragraphs 2 and/or 3 above shall not be used for any purpose whatsoever
27 other than in connection with the prosecution or defense of this Action. Such
28 document/information/testimony shall not be delivered, exhibited, furnished or disclosed in

1  whole or in part to any person, firm, entity or organization except to (a) counsel of record
2  for the parties in this Action, and counsel and staff in Defendant's in-house Law
3  Department; (b) persons regularly employed by the law firm representing Plaintiff and/or
4  the firm representing Defendant; (c) court personnel in connection with the performance of
5  their responsibilities relative to this Action; (d) court reporters transcribing testimony of
6  witnesses in this Action; (e) expert witnesses and consultants retained for the purpose of
7  assisting counsel for a party in defending or prosecuting this Action; (f) Plaintiff or
8  Defendant (including Defendant's employees); or (g) a witness at deposition to the extent
9  he/she agrees on the record to be bound by this order and either authored the document or
10 information in question or has a need to know or be shown the document or information in
11 the course of providing testimony. However, nothing herein shall in any way limit a party's
12 ability to use or disclose documents/information/testimony which its own counsel has
13 designated "Confidential."
14      5.      Any person to whom delivery, exhibition or disclosure is made of any
15 document, information or testimony described in paragraphs 2 or 3 above shall be subject to
16 the provisions of this protective order. Prior to delivery, exhibition or disclosure of covered
17 documents/information/testimony to the persons qualified to receive it/them under
18 paragraph 4 (d), (e), (f) and/or (g), counsel for the party making disclosure shall provide
19 each such person a copy of the protective order and shall secure from that person a signed
20 confidentiality acknowledgement in the form attached hereto as Exhibit A. That
21 acknowledgement shall state that the person receiving or seeing the covered
22 document/information/testimony has read this order, that he/she may not and shall not
23 divulge any document, information or testimony designated "Confidential" except in strict
24 accordance with the terms and conditions of this order, and that he/she will not utilize any
25 document, information or testimony designated "Confidential" for any purpose other than
26 in connection with the prosecution or defense of this Action. All originals of signed
27 confidentiality acknowledgements shall be maintained by counsel for the party responsible
28 for making the disclosure and shall be made available to the producing party's counsel upon

1  reasonable request.

2  ~~6. Any party or counsel who files or intends to file a paper or other document~~
3  ~~with the Court which reflects, contains or includes any document/information/testimony~~
4  ~~designated as "Confidential" by an opposing party or that party's counsel pursuant to the~~
5  ~~terms of this protective order, including any copies, reproductions, abstracts, summaries or~~
6  ~~quotations of or from such document/information/testimony, shall do so by placing the~~
7  ~~document/information/testimony in a sealed envelope marked with the title of the Action~~
8  ~~and bearing a statement substantially in the following form: "CONFIDENTIAL – DO~~
9  ~~NOT OPEN WITHOUT COURT ORDER."~~

[handwritten: *See attached order*]

10  7.  Nothing herein shall prevent any party from bringing an appropriate motion
11  upon regular notice before the Court to have a "Confidential" designation of a
12  document/information/testimony lifted in whole or in part or to determine whether the use
13  or disclosure of such document/information/testimony should be restricted other than in
14  accordance with this protective order. Furthermore, nothing herein shall affect any party's
15  right to make a formal motion upon regular notice to the Court for a protective order
16  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with regard to any particular
17  document/information/testimony, including for the purpose of seeking restrictions greater
18  than those specified herein. The parties agree to meet and confer before the final pretrial
19  conference in this Action to arrive at a proposal for how information designated
20  "Confidential" will be handled at trial.

21  8.  Within sixty (60) days from the final termination of this Action, including
22  any appeals, the parties and their counsel shall either (1) return all materials designated
23  confidential, together with any and all copies, summaries and excerpts thereof, to counsel
24  for the party producing such materials or (2) destroy all such materials and certify in
25  writing to the counsel for the party producing such materials that they have been destroyed.
26  In accordance with this paragraph, the parties and their counsel shall also return to counsel
27  or destroy all extracts or summaries of documents/information/testimony designated
28  "Confidential," except for those materials which in the reasonable, good faith judgment of

1 counsel constitute attorney work product.

2     9.    If a party or its counsel inadvertently permits the production or disclosure of documents/information/testimony of a confidential, private, proprietary or trade secret nature without designating it "Confidential" in accordance with this protective order, that party or its counsel may thereafter designate the material as "Confidential" by identifying the specific document/information/testimony in a letter to opposing counsel and at that time designating the document/information/testimony as "Confidential." From the date of receipt of any such letter, the party/counsel which has received the document/information/testimony shall treat it as "Confidential" in accordance with the terms of this protective order, subject to further direction from the Court.

11     10.    The obligations of confidentiality contained in this protective order shall remain effective following the termination of the Action and the Court shall retain jurisdiction to enforce all provisions of this order as well as to remedy any violation of it. In addition, the Court shall at all times have jurisdiction to resolve any dispute which may arise under the terms of this protective order upon a regularly noticed motion, including but not limited to issues concerning whether some document/information/testimony has been improperly designated as "Confidential."

18 ///

19 ///

20 ///

1    11.    The designation of any document, information or testimony shall not be
2  construed as an admission of relevance or admissibility. This order may only be introduced
3  into evidence by a party in connection with a motion or other proceeding to enforce the
4  terms or obtain clarification of this order.

5    Dated: October __17__, 2007

   BEYER, PONGRATZ & ROSEN
   DAVID PAUL FOOS

   By _____/s/ David Foos_____

   Attorneys for Plaintiff ANTHONY F. RISHE

11   Dated: October _____, 2007

   PILLSBURY WINTHROP SHAW PITTMAN LLP
   BENJAMIN L. WEBSTER

   By _____

   Attorneys for Defendant
   XEROX CORPORATION

## ORDER

Good cause appearing, it is so ordered.

Dated: October _____, 2007

_____
Lawrence K. Karlton
U.S. District Court Judge

1      11.    The designation of any document, information or testimony shall not be
2 construed as an admission of relevance or admissibility. This order may only be introduced
3 into evidence by a party in connection with a motion or other proceeding to enforce the
4 terms or obtain clarification of this order.

5      Dated: October _____, 2007

6                            BEYER, PONGRATZ & ROSEN
                           DAVID PAUL FOOS

8                            By _____

9                              Attorneys for Plaintiff ANTHONY F. RISHE

11      Dated: October __18__, 2007

12                            PILLSBURY WINTHROP SHAW PITTMAN LLP
                           BENJAMIN L. WEBSTER

14                            By _/s/ signature_____

15                              Attorneys for Defendant
                           XEROX CORPORATION

### ORDER

18 Good cause appearing, it is so ordered.

19 Dated: ~~October~~ Nov 29, 2007

GREGORY G. HOLLOWS

~~Lawrence K. Karlton~~ GREGORY G. Hollows
U.S. ~~District Court~~ Judge
MAG

| | |
|---|---|
| 1 | CONFIDENTIALITY ACKNOWLEDGEMENT |
| 2 | I certify that I have carefully read and fully understand the attached stipulated |
| 3 | protective order. I certify that I will at all times fully comply with that protective order with |
| 4 | respect to all documents, information and testimony designated "Confidential" which I |
| 5 | receive, see or obtain. Therefore, I will not disclose, show or divulge any materials |
| 6 | designated as "Confidential" to any person or entity other than those persons specified in |
| 7 | paragraph 4 of the protective order and will use those materials only in connection with the |
| 8 | prosecution or defense of the above referenced Action. In addition, I promise to return all |
| 9 | materials designated "Confidential", along with any and all copies, abstracts and summaries |
| 10 | of such materials, to counsel for the person or entity who produced such materials within |
| 11 | sixty (60) days after the final resolution of this Action. |
| 12 | I make this certification under penalty of perjury of the laws of the United States of |
| 13 | America. |
| 14 | Dated: _____ |
| 15 | |
| 16 | _____ |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## ATTACHMENT A

Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Accordingly, the parties shall observe the following procedure for filing documents under seal.

In matters to be adjudicated by the District Judge, the parties shall submit to the District Judge a stipulation or application for sealing, showing good cause.

In matters to be adjudicated by the undersigned:

1. As to information designated confidential by the party who proposes to file it under seal:
    Ten days prior to the planned submission, the submitting party shall file with the undersigned an ex parte application, served on the opposing party, seeking approval of each specific filing to be made under seal, together with a proposed order. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule on the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the confidential documents shall be filed under seal. If the submitting party does not timely file the application, the

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). Id. at 33, 37, 104 S.Ct. at 2207, 2209.

confidential material shall be filed in the public record.

2. As to information designated confidential by a party other than the party who proposes to file it:

> Ten days prior to the planned filing, the submitting party shall contact the opposing party for permission to make an unsealed filing. Permission, or the lack thereof, shall be memorialized by the submitting party. If the other party fails to permit an unsealed filing, the other party shall file an ex parte application with the undersigned, served on the party proposing to file the information, seeking approval for each specific filing to be made under seal. The other party's application shall be made no later than five days prior to the submitting party's scheduled filing date. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the information shall be filed under seal. If the other party fails timely to file the application, the submitting party shall file all documents in the public record.

This protective order does not purport to bind other courts with respect to production in cases pending before them.

IT IS SO ORDERED

Dated: Nov, 29, 2007

GREGORY G. HOLLOWS
United States Magistrate Judge

Proord8-03.wpd